IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 7:09-890-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Cathy Diane Ferguson, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Cathy Diane Ferguson's ("Ferguson's'") motions to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255;  for relief from judgment pursuant to Rule 60(b);  to vacate due to default; and to set aside her sentence. The Government filed a response to her first § 2255 motion and a Summary Judgment Motion. For the reasons set forth below, Ferguson's motions are denied and Respondent's Motion for Summary Judgment is granted.

On October 21, 2009, Ferguson pled guilty to conspiring to trafficking in false identification documents in violation of 18 U.S.C. § 1028(f) and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). On February 10, 2010, Ferguson was sentenced by United States District Judge Henry F. Floyd to 110 months imprisonment for the trafficking in false identification documents charge and a consecutive 24 months on the two counts of aggravated identity theft for a total sentence of 134 months, followed by three (3) years of supervised release.  Judgment was entered on February 25, 2010.  On March 9, 2010, Ferguson filed a direct appeal which was denied on October 26, 2010.  Ferguson filed her first § 2255 motion on March 30, 2011, a 60 (b) motion on September 15, 2011, and a second § 2255 motion on September 16, 2011. She also filed a motion to vacate based upon default on December 19, 2011, and a motion to set aside her sentence on January 19, 2012. This matter was assigned to the undersigned on October 27, 2011.

**Standard of Review under § 2255**

To obtain relief on a motion under 28 U.S.C. § 2255, the movant must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Thus, a movant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). However, if a movant does not raise a claim on direct review, he may not raise it for the first time on collateral review unless the movant can show (1) cause and actual prejudice or (2) actual innocence. *Bousley v.. United States*, 523 U.S. 614, 621–22, (1998). If the movant cannot satisfy the cause and prejudice analysis, movant may be excused from default if the case falls "within 'the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). To do so the movant must establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327.

**Discussion**

As noted above, Ferguson has filed a Rule 60(b) motion (Dkt. # 239) and a motion to vacate based upon default because she alleges the government did not timely respond to her § 2255 motion. These motions are summarily denied.

A Rule 60(b) motion is inappropriate in a criminal action. Rule 60 addresses civil judgments and may not be used to attack a criminal conviction. *United States v. Grapes*, 2011 WL 195672, at *1 (4th Cir. Jan. 21, 2011) (unpublished) (holding that "[t]he Federal

Rules of Civil Procedure do not provide a vehicle by which [Defendant] may challenge his criminal judgment.") (*citing United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999)). *See also United States v. Jenkins*, 2009 WL 1702076, at *3 (W.D.N.C. June 16, 2009) (holding that the court had no jurisdiction to consider petitioner's motion under Rule 60(b) challenging his criminal conviction and collecting cases regarding same).

In regard to Ferguson's motion to vacate based upon the government's alleged default, Ferguson contends that because the government did not timely file a response to her motion, she should be granted a default judgment. Default judgments, however, are not appropriate in habeas actions. *See, e.g., United States v. Dill*, 555 F.Supp.2d 514, 520-21 (E.D.Pa. 2008); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir.1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) (holding that "[t]he failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970) (finding "Rule 55(a) has no application in habeas corpus cases."); *Garland v. Warden*, 2008 WL 4834597 (D.S.C.2008) (unpublished). Accordingly, Ferguson's Rule 60 motion and motion to vacate on the ground of default are denied.

Ferguson has also filed two motions to vacate pursuant to § 2255. In her motions, Ferguson alleges that she was sentenced outside of the guidelines range and "was given too much time," and everybody else involved in the conspiracy was sentenced to two years or less. These § 2255 motions fail for a number of reasons. First, Ferguson waived her appellate rights. Secondly, even if she did not waive her appellate rights, Ferguson's failure

to raise the issues she raises in her § 2255 motions on direct appeal amounts to a waiver. Third, even if the court were to reach the merits of the issues she raises in her motions, the issues fail on the merits.

First, the government contends that Ferguson waived her appellate rights during her sentencing hearing.[1] A review of the transcript of the sentencing hearing reveals that, pursuant to a stipulation agreement presented at the sentencing hearing, the government recommended that counts two and three run concurrently to each other and consecutively to count one and both the government and Ferguson agreed to waive all their appellate rights.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). A waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver. *United States v. Attar*, 38 F.3d 727, 731–33 (4th Cir.1994)  Ferguson does not allege that her waiver was not valid. Accordingly, the court finds that Ferguson's waiver was valid.

The court then must also consider the scope of the waiver and whether it prevents the court from considering the particular claims the defendant asserts in her § 2255 motion. The Fourth Circuit Court of Appeals has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal and § 2255 rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial

---

[1] The court notes that "[t]he Government's decision not to file an opposition brief to Petitioner's counsel's *Anders* brief on direct appeal has no effect on its ability to assert Petitioner's waiver to defeat [her] § 2255 motions." *Eaglin v. United States,* 2011 WL 489969 * 3 (D.S.C. 2011).

of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver. *Attar*, 38 F.3d at 732. Ferguson does not allege a complete denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race. Therefore, the court finds that Ferguson's claims fall within the scope of her waiver and should be dismissed based upon her waiver of her appellate rights. In any event, the court also finds her claims fail on the merits as discussed below.

As noted above, in her § 2255 motions, Ferguson argues that she was "given too much time" and that everybody else involved in the conspiracy was sentenced to two years or less. First, as noted above, collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill*, 368 U.S. at 428. Disparities in sentences among co-defendants generally do not give rise to a cognizable claim under § 2255. *United States v. Bokum*, 73 F3d. 8 (2nd Cir. 1995) ("Absent extraordinary circumstances, a defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her codefendants."). In any event, Ferguson must establish that her co-defendants were similarly situated which she has not done. While Ferguson has set out the sentence each of her co-defendants received, she has not set forth whether they were similarly situated, e.g., whether they were convicted of the same offenses or had the same criminal history. Accordingly, this claim is without merit.

Additionally, in her response to the government's summary judgment motion, Ferguson repeatedly argues the federal government was without jurisdiction to prosecute her. She specifically argues that the government stated at the guilty plea that it did not have jurisdiction to prosecute counterfeiting based upon personal checks and that federal jurisdiction must be based upon business checks. The plea transcript reveals that the government stated that it did not prosecute counterfeiting of personal checks because the federal government could prosecute counterfeiting of only business checks. However, Ferguson was not prosecuted for counterfeiting checks. As noted above, she was prosecuted and pled guilty to one count of to conspiring to trafficking in false identification documents in violation of 18 U.S.C. § 1028(f) and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Furthermore, it appears that she raised this issue in her direct appeal and the Fourth Circuit found the district court had jurisdiction.[2]

The court also notes that in her reply to the government's summary judgment motion and in her second § 2255 motion, Ferguson raises claims of ineffective assistance of counsel.[3] In order to establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. *Strickland v. Washington*, 466 U.S. 668, 687–92 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Where a defendant

---

[2] Further, issues previously decided on direct appeal cannot be recast in the from of a § 2255 motion. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.1976) (holding "once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255.").

[3] The court notes that Ferguson did not raise a claim of ineffective assistance of counsel in her first § 2255 motion and in her second § 2255 motion, she alleges counsel was ineffective only for failing to inform her of the charges against her. However, out of an abundance of caution, the court will address all of her ineffective assistance of counsel allegations.

6

has pled guilty, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Additionally, because several of Petitioner's allegations challenge her sentence, in order to demonstrate an entitlement to relief on those matters, Petitioner must, at a minimum, allege facts which establish that her "sentence would have been more lenient" absent counsel's errors. *See Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999).

In regard to her ineffective assistance of counsel claims, Ferguson summarily states that she was not represented properly by her attorney because she alleges her attorney did not explain everything to her, did not answer all her questions, did not give Ferguson a copy of what she was charged with, and did not tell her that she was pleading to trafficking identification documents. Conclusory statements, such as these, do not support a finding of ineffective assistance of counsel. Ferguson has not alleged any facts to demonstrate that her attorney's representation fell below "an objective standard of reasonableness," or that she was prejudiced as a result. Accordingly, Ferguson's ineffective assistance of counsel claim fails as a matter of law. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir.1992) (unsupported conclusory allegations subject to dismissal), *abrogated on other grounds by Gray v. Netherland*, 518 U.S. 152, 165–66 (1996).

In any event, Ferguson's argument that she did not know the charges to which she was pleading and her attorney failed to give her a copy of the indictment are also not supported by the record. At the plea hearing, Judge Floyd specifically asked Ferguson if she had received a copy of the indictment and discussed the charges in the indictment with her attorney and she responded affirmatively. Ferguson is bound by the representations that she made during the Rule 11 hearing. *United States v. Lemaster*, 403 F.3d 216, 221–222 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements

7

made during the Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

For the foregoing reasons, Ferguson's § 2255 motions are denied and the government's motion for summary judgment is granted.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

Therefore, based on the foregoing, Ferguson's motions to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 224 and 242); for relief from judgment pursuant to Rule 60(b) (Dkt. # 239); to vacate due to default (Dkt. # 260); and to set aside her sentence (Dkt. # 266) are **DENIED**; and the Government's Motion for Summary Judgment (Dkt. # 232) is **GRANTED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 27, 2012
Greenville, South Carolina